IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICK DIAZ-OROPEZA,

    Plaintiff,

vs.                      Case No. 11-2012-JTM

RIVERSIDE RED X, INC., ET. AL.,

    Defendants.

MEMORANDUM AND ORDER

Presently before the court is a Motion to Dismiss for Want of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue to United States District Court for the Western District of Missouri (Dkt. No. 5) filed by defendants Richard Anderson, Stephen Mendoza, and Platte County, together with defendants Riverside Red X, Inc. and Guy Zeke Young's Motion to Dismiss Plaintiff's Complaint for Failure to Establish Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Dkt. No. 18), and plaintiff's Motion for Summary Judgment (Dkt. No. 24).[1] For the following reasons the court grants defendants' motions to dismiss.

---

[1]In relation to the above motions, the parties have also filed the following motions: Defendants Riverside Red X, Inc., and Guy Zeke Young's Motion for Leave of Court to File Sur-Reply (Dkt. No. 43); defendants Richard Anderson, Stephen Mendoza, and Platte County's Motion to Strike Plaintiff's "Memorandum in Position (Doc. #51) (Dkt. No. 53); defendants Riverside Red X, Inc., and Guy Zeke Young's Motion to Strike Various Briefing Filed by Plaintiff (Dkt. No. 55); and plaintiff's Motion to Strike Declaration of Stephen Lawrence, Stephen Mendoza Mike Harper as Perjury and Untrue Statements (Dkt. No. 62). Because the court grants defendants' motions to dismiss, these motions are moot.

**I. Factual Background**

Riverside Red X, Inc. is a Missouri corporation operating a liquor and grocery store at 2401 Northwest Platte Road in Riverside, Missouri. At all relevant times, Guy Zeke Young was the president, registered agent, and sole owner of Riverside Red X. On January 13, 2010, around 3:00 p.m. plaintiff, Nick Diaz-Oropeza, a citizen of Kansas, parked his 1995 Lincoln Town Car in a handicapped parking stall in front of Riverside Red X's store. Loss prevention officer for Riverside Red X, Stephen Lawrence,[2] saw plaintiff pull into the handicapped stall. Plaintiff began walking toward the store when Lawrence approached him and asked if he had a valid handicapped license for the vehicle. Lawrence informed him that if he did not he needed to move the vehicle or be fined. Without moving his vehicle, plaintiff entered the store and began shopping. Soon thereafter, security officer Stephen Mendoza and Lawrence approached plaintiff and questioned him about parking in a handicapped stall. According to plaintiff, they stopped, detained, interrogated, and intimidated him on false charges of parking illegally in a handicapped stall. After learning plaintiff had a valid handicapped license, they walked away.

As a result of that incident, plaintiff filed the present lawsuit alleging various constitutional violations and an Americans with Disabilities violation against Riverside Red X, Guy Zeke Young, and "John Doe." Plaintiff also filed suit against Platte County Sheriff Richard Anderson, Deputy Stephen Mendoza, and Platte County alleging Anderson and the county failed properly to train, supervise, and control Mendoza's actions.

---

[2]Plaintiff identifies Stephen Lawrence as "John Doe," in the Complaint.

**II. Analysis**

Because plaintiff is proceeding pro se, this court construes his arguments liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*A. Legal Standard:12(b)(2)*

"The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established: The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Edison Trust Number One v. Patillo*, No. 10-1159, 2010 WL 5093831, at *1 (D. Kan. Dec. 8, 2010) (quotations omitted). The extent of the burden depends on the stage at which the court considers the jurisdictional issue. *Id.* When personal jurisdiction "is decided at a preliminary stage by reference to only the complaint and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* "The plaintiff may carry this burden 'by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.'" *Id.* (quoting *TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)). If plaintiff meets that burden, the defendant must "present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Thermal Components Co. v. Griffith*, 98 F. Supp.2d 1224, 1227 (D. Kan. 2000) (citing *OMI Holdings, Inc.*

3

*v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985))). All factual disputes are resolved in plaintiff's favor. *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and 'the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.'" *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted).

In a diversity action, "personal jurisdiction over a nonresident defendant is determined by the law of the forum state." *Caldwell-Baker Co. v. S. Ill. Railcar Co.*, 225 F. Supp.2d 1243, 1259 (D. Kan. 2002). "The proper inquiry is, therefore, whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state and comports with due process requirements of the Constitution." *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304-05 (10th Cir. 1994). "Because 42 U.S.C. § 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims, Fed. R. Civ. P. 4(k)(1)(A) refers us to the" [Kansas] long-arm statute.[3] The Kansas long-arm statute extends the personal jurisdiction analysis to the extent of the United States Constitution; thus, this court may proceed to the due process analysis. *Id.* at 1305.[4]

---

[3] Additionally, the Americans with Disabilities Act does not provide for nationwide service of process. *Karraker v. Rent-A-Center, Inc.*, 239 F. Supp.2d 828, 839-40 (C.D. Ill. 2003); *Bassett v. Sinterloy Corp.*, No. 01 C 3141, 2002 WL 1888477, at *2 (N.D. Ill. Aug. 15, 2002).

[4] The Kansas Long Arm statute provides, in pertinent part:
(b)(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the following acts, thereby submits the person and, if an individual, the individual's representative, to the jurisdiction of the courts of this state for any claim for relief arising from the act:
    (L) having contact with this state which would support jurisdiction consistent with the constitutions of the United States and of this state.

The due process analysis consists of two steps: (1) whether defendants have such minimum contacts with the forum state that they should reasonably anticipate being haled into court there; and (2) if the defendants have minimum contacts with the forum state, whether exercising personal jurisdiction over them would offend traditional notions of fair play and substantial justice. *OMI Holdings, Inc.*, 149 F.3d at 1091; *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008).

1. Minimum Contacts: Specific Jurisdiction

The exercise of personal jurisdiction over a nonresident defendant comports with due process "so long as there exists 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The minimum contacts necessary for specific personal jurisdiction are established when "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *In re Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) (quoting *Burger King Corp.*, 471 U.S. at 472). "Purposeful availment requires actions by the Defendant which create a substantial connection with the forum state." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) (quotations omitted). The purposeful availment requirement is to "ensure[] that a

---

(2) A person submits to the jurisdiction of the courts of this state for a claim for relief which did not arise in this state if substantial, continuous and systematic contact with this state is established which would support jurisdiction consistent with the constitutions of the United States and of this state. KAN. STAT. ANN. § 60-308(b)(1)(L), (2) (2010).

5

defendant will not be subject to the laws of a jurisdiction 'solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.'" *AST Sports Sci.*, 514 F.3d at 1058 (quoting *Benally v. Amon Carter Museum of W. Art.*, 858 F.2d 618, 625 (10th Cir. 1988)). "Purposeful availment analysis turns upon whether the defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff . . . [and generally] requires . . . affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state." *Rambo v. Am. S. Ins., Co.*, 839 F.2d 1415, 1420 (10th Cir. 1988) (quotations omitted).

The events in this case, as alleged by plaintiff, occurred exclusively at the Riverside Red X store in Platte County, Missouri. Plaintiff does not allege that any defendants had contacts with Kansas in relation to the specific incident alleged in his Complaint. Simply put, none of the defendants purposefully directed any activities toward Kansas; the underlying action is based entirely on events occurring in Missouri. *See Burger King Corp.*, 471 U.S. at 472. Thus, specific jurisdiction is not present, and this court must analyze whether Kansas may exercise general jurisdiction over defendants.

2. Minimum Contacts: General Jurisdiction

A court may also exercise general jurisdiction over a nonresident defendant, based on the defendant's "continuous and systematic" general business contacts with the forum state when those contacts are unrelated to the claims in the case. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *see also Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) ("When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal

jurisdiction over the defendant based on the defendant's business contacts with the forum state."). There is no specific rule for what constitutes continuous and systematic contacts. There are, however, certain factors courts analyze when performing the general jurisdiction analysis, such as: "(1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (citing 4 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1069, at 348-55 (2d ed. 1987)); *see also Sys. Material Handling Co. v. Greenstein*, 84 F. Supp.2d 1203, 1209 (D. Kan. 2000). Further, the Supreme Court in *Perkins v. Benguet Consolidated Mining Co.*, found the following facts sufficient for general jurisdiction: (1) maintaining an office in the forum state; (2) keeping company files and holding director's meetings in the forum office; (3) carrying on correspondence relating to the business in the forum state; (4) distributing salary checks drawn on bank accounts located in the forum state; (5) using a forum bank to act as a transfer agent; and (6) supervising, from within the forum state, policies relating to the rehabilitation of the company's properties outside the forum state. 342 U.S. 437, 438-45 (1952).

Although some defendants do have business contacts with Kansas, plaintiff's allegations fail, even at this stage, to show defendants had continuous and systematic business contacts with Kansas. The record includes the following facts respecting Riverside Red X and Guy Young. Riverside Red X is a Missouri corporation conducting business in Missouri. It does not have any offices in Kansas and does not own property in Kansas. The only general business contacts these defendants have with

Kansas comes from advertising in newspapers and other media that does reach Kansas residents. Riverside Red X, however, does not directly solicit business from Kansas residents. Plaintiff places great emphasis on the defendants' advertisements in Kansas, yet several courts have found that advertising and selling to forum residents is insufficient for general jurisdiction. *See, e.g.*, *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1198-1200 (4th Cir. 1993) (finding no general jurisdiction over defendant employing 13 sales representatives and one district manager, held district meetings three times a year, held regional meetings twice a year, and sold $9 to $13 million in products to forum residents); *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216-17 (1st Cir. 1984) (finding no general jurisdiction over defendant who advertised, employed eight sales representatives, and sold products in the forums state); *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 748 (4th Cir. 1971) (finding no general jurisdiction over defendant who only sold and advertised in the forum state); *see also Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001) ("[T]he mere placement of advertisements in nationally-distributed publications cannot be regarded as 'continuous and systematic' in nature."). Given the substantial threshold required, these minimal advertisements and sales to Kansas residents are not sufficient to support general jurisdiction.

In addition to newspaper and other media advertisements, plaintiff also asserts Riverside Red X and Young operate "computer internet websites inviting [Kansas] residents to visit its store" such that personal jurisdiction is appropriate. Dkt. No. 23, pg. 3. When personal jurisdiction is premised on a web site, the court analyzes the level of interactivity created by the web site with residents of the forum state. *See Soma v. Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296 (10th Cir. 1999) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997)); *see also Shrader v. Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011) ("'A web site will subject a

defendant to general personal jurisdiction only when the defendant has actually and deliberately used its website to conduct commercial transactions on a sustained basis with a substantial number of residents of the forum.'") (quoting *Smith v. Basin Park Hotel, Inc.*, 178 F. Supp.2d 1225, 1235 (N.D. Okla. 2001)). Aside from plaintiff's allegation that Riverside Red X advertises through its web site, the record contains no evidence the web site created systematic and continuous contacts with any Kansas residents. Further, having reviewed the web site, the court is persuaded it merely offers information about its products and services to any visitor perusing its web pages. The web site does provide contact information and allows visitors to contact it by email or telephone, but this "does not classify the website as anything more than passive advertisement which is not grounds for the exercise of personal jurisdiction." *David W. Bernberg, L.L.C. v. Snow*, No. 07-261, 2007 WL 2436694, at *4 (E.D. La. Aug. 22, 2007) (quoting *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 337 (5th Cir.1999)). Therefore, Riverside Red X's web site offering general advertisement and contact information about its business cannot provide a basis for general jurisdiction in Kansas.

Last, the court considers Platte County, Sheriff Anderson, and Deputy Menodza's contacts with Kansas. Plaintiff has not offered any evidence showing they had any contacts with Kansas. In fact, it appears these defendants' only contacts with plaintiff occurred in Platte County, Missouri at the Riverside Red X store on January 13, 2010. Thus, absent evidence the defendants had contacts with Kansas, this court may not assert general personal jurisdiction over them.

### 3. Fair Play and Substantial Justice

"If the defendant has minimum contacts with the forum state, 'we must still determine whether exercising personal jurisdiction would offend traditional notions of fair play and substantial

justice.'" *Bartile Roofs*, 618 F.3d at 1161 (quoting *AST Sports Sci.*, 514 F.3d at 1061). At this point in the analysis, the defendant bears the burden of proving other considerations would render jurisdiction unreasonable. *Id.* This reasonableness analysis requires weighing the following five factors:

> (1) the burden on the defendant, (2) the forum states interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient solution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

*Trujillo*, 465 F.3d at 1221 (quoting *Pro Axess*, 428 F.3d at 1279-80). "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Id.* (quotations and alterations omitted).

Because the court concludes plaintiff has failed to establish that any defendants have minimum contacts with Kansas necessary for specific or general jurisdiction, the court need not analyze whether the exercise of personal jurisdiction over defendants would offend "'traditional notions of fair play and substantial justice.'" *Soma*, 196 F.3d 1292, 1299 n.1 (10th Cir. 1999) (quoting *Asahi Metal Industry Co., Ltd. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 113 (1987)).

## III. Dismissal or Transfer Under 28 U.S.C. § 1631

The Tenth Circuit has recognized that 28 U.S.C. § 1631[5] controls the dismissal or transfer

---

[5]Section 1631 provides:
Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed

of cases because of a lack of personal jurisdiction. *See Trujillo*, 465 F.3d at 1223; *see also Griffin v. Daviess-Dekalb County Reg'l Jail*, No. 07-3090, 2007 WL 1347758, at *1 (D. Kan. May 8, 2007). When deciding whether to dismiss or transfer, a court looks at several factors, such as: whether the action would be time barred; whether the claims likely have merit; and whether the original action was filed in good faith rather than filed after "plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at 1223 n.16 (quoting *Trierweiler*, 90 F.3d at 1544).

The balance of these factors weighs in favor of dismissal. First, a dismissal will not result in plaintiff's suit being time barred. "The statute of limitations for claims under § 1983 'is drawn from the personal-injury statute of the state in which the federal district court sits.'" *Lyons v. Kyner*, 367 Fed. App'x 878, 881 (10th Cir. 2010) (quoting *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)). Thus, this court applies Kansas's two-year statute of limitations for personal injury actions to plaintiff's § 1983 claim. *See* KAN. STAT. ANN. § 60-513(a)(4) (1996) ("The following actions shall be brought within two years: An action for injury to the rights of another, not arising on contract, and not herein enumerated.").[6] Plaintiff's alleged injury occurred on January 13, 2010; nearly seven months remain before either of his claims are time barred. Next, without passing judgment on the ultimate validity of plaintiff's claims, it does not appear his likelihood for success on the merits is high. The essence of his Complaint is that defendants accused him of illegally

---

for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred
28 U.S.C. § 1631 (2006).

[6]Title III of the ADA—presumably the Title plaintiff intended to invoke—is governed by the same or similar state statute of limitations used in § 1983 claims. *See E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1197 (10th Cir. 2003).

parking in a handicapped stall in the Riverside Red X store and caused him injury. It does not appear, however, that he suffered any legally cognizable injury as a result of that incident. These factors weigh strongly in favor of dismissal, despite plaintiff's good faith attempt to file the case in the proper court. *See* Dkt. No. 23, pg. 2 (Plaintiff states, "[t]his suit was filed in the closest correct court where Plaintiff lives and gives rise to that Courts [sic] jurisdiction . . ."). Thus, plaintiff's suit is dismissed.

**IV. Plaintiff's Motion for Summary Judgment (Dkt. No. 24)**

As explained above, plaintiff's case against defendants must be dismissed for lack of personal jurisdiction. Without jurisdiction, this court has no authority to rule on plaintiff's Motion for Summary Judgment. *See OMI Holdings, Inc.*, 149 F.3d at 1090 (stating, "a court without [personal] jurisdiction over the parties cannot render a valid judgment"). Accordingly, the court does not reach the issues raised in plaintiff's summary judgment motion.

**V. Conclusion**

This court lacks personal jurisdiction over all defendants in this case. The court also finds this case should be dismissed rather than transferred to the United States District Court for the Western District of Missouri.[7] Because the court lacks jurisdiction, it cannot consider plaintiff's Motion for Summary Judgment. Further, the court also lacks jurisdiction to render judgment over

---

[7]Even though the court dismisses plaintiff's claims, it does so without prejudice. Thus, plaintiff may refile in a district that has personal jurisdiction over defendants. *See Arocho v. Nafziger*, 367 Fed. App'x 942, 951 n.10 (10th Cir. 2010) ("[W]hen a court lacks jurisdiction over a party, the proper disposition is dismissal without prejudice to permit refiling where personal jurisdiction may be exercised") (citing *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002)).

12

the following motions related to plaintiff's Summary Judgment Motion: Defendants Riverside Red X, Inc., and Guy Zeke Young's Motion for Leave of Court to File Sur-Reply (Dkt. No. 43); defendants Richard Anderson, Stephen Mendoza, and Platte County's Motion to Strike Plaintiff's "Memorandum in Position (Doc. #51) (Dkt. No. 53); defendants Riverside Red X, Inc., and Guy Zeke Young's Motion to Strike Various Briefing Filed by Plaintiff (Dkt. No. 55); and plaintiff's Motion to Strike Declaration of Stephen Lawrence, Stephen Mendoza Mike Harper as Perjury and Untrue Statements (Dkt. No. 62).

IT IS ACCORDINGLY ORDERED this 27th day of June 2011, that defendants Richard Anderson, Stephen Mendoza, and Platte County's Motion to Dismiss for Want of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue to United States District Court for the Western District of Missouri (Dkt. No. 5) and defendants Riverside Red X, Inc., and Guy Zeke Young's Motion to Dismiss Plaintiff's Complaint for Failure to Establish Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Dkt. No. 18), are granted. All claims against defendants are dismissed without prejudice.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE